```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                              PLAINTIFF

             v.          Criminal No. 07-50009

**TIMMY DAVIS**                                                           DEFENDANT

### O R D E R

Now on this 18th day of July, 2007, comes on for consideration **Timmy Davis's Motion For Release Pending Appeal** (document #11), and from said motion, and the government's response thereto, the Court finds and orders as follows:

1. Davis entered a plea of guilty to one Count of harboring an alien, in violation of **8 U.S.C. §1324(a)(1)(A)**, and was sentenced to six months' incarceration, two years' supervised release, a fine of $5,000.00, and special assessment of $100. He filed a Notice Of Appeal on July 13, 2007.

Davis now contends that he should remain free pending the outcome of his appeal, pursuant to **18 U.S.C. §1343(b)**. The government opposes this motion.

2. The statute in question provides for detention of a sentenced prisoner who has filed a notice of appeal, unless the Court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --

>     (i)   reversal,
>     (ii)  an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Court is persuaded from the evidence presented that Davis does not pose a flight or safety risk, and will thus turn directly to subsection (B) of the statute to resolve the pending motion.

3.  In the Eighth Circuit, a question is "substantial" for purposes of **§3143(b)** analysis if it is a "'close' one or one that very well could be decided the other way." **U.S. v. Powell, 761 F.2d 1227, 1231 (8th Cir. 1985).**  This formulation is "responsive to the announced purpose of Congress" in enacting the Bail Reform Act of 1984, of which **§3143(b)** is a part, "which was, bluntly, that fewer convicted persons remain at large while pursuing their appeals."

4.  While Davis does not flesh out the nature of his appeal, it appears that his only issue is whether his fine is excessive, under the Guidelines, in view of his incarceration.  Given that Davis was sentenced at the bottom of the Guidelines range for his incarceration, and very near the bottom for his fine, the Court is not persuaded that his appeal presents a close question.  Indeed, in light of the recent holding in **U.S. v. Rita, 2007 WL 1772146 (June 21, 2007),** it appears unlikely that a challenge to the reasonableness of a sentence at the low end of the Guidelines

range will succeed.  Thus, the Court is not persuaded that it would be appropriate, under **§3143(b),** for Davis to remain at liberty on bond pending the outcome of his appeal.

**IT IS THEREFORE ORDERED** that **Timmy Davis's Motion For Release Pending Appeal** (document #11) is **denied.**

**IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**